**S. AMANDA MARSHALL, OSB # 95347**
United States Attorney
District of Oregon
**JAMES E. COX, JR., OSB # 08565**
jim.cox@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon   97204-2902
Telephone:      (503) 727-1026
Facsimile       (503) 727-1117
Attorneys for Defendant the Department of the Army

THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **PARKER MICHAEL KNIGHT**, | Case No.: **3:13-cv-1211-BR** |
| Plaintiff | |
| **v.** | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| **DEPARTMENT OF THE ARMY**, | |
| Defendant. | |

Defendant, the Department of the Army, by S. Amanda Marshall, United States Attorney

for the District of Oregon, and James E. Cox, Jr., Assistant United States Attorney for the District

of Oregon, submits this memorandum in support of Defendant's motion to dismiss for lack of

subject-matter jurisdiction and failure to state a claim upon relief can be granted.

## I.    INTRODUCTION

Plaintiff Parker Michael Knight ("Plaintiff" or "Knight") is a former Army service member who alleges that he was subjected to sexual and physical assaults by fellow soldiers from 2002-2007.   In his *pro se* complaint, Knight asserts claims for assault, fraud and emotional distress, and he alleges that he has been subjected to discrimination based on disability, race and age.   Knight's complaint should be dismissed pursuant to Federal Rule of Procedure 12(b)(1) and 12(b)(6).

To the extent Knight is asserting an employment discrimination claim, the Complaint fails to plead basic facts that would give rise to such a claim, much less demonstrate the requisite plausible entitlement to relief.   Thus, any such claim should be dismissed under Fed. R. Civ. P. 12(b)(6).

Furthermore, the Court lacks subject matter jurisdiction over any tort claim for three reasons.   First, Knight has not submitted an administrative tort claim to the Army as required under the Federal Tort Claims Act ("FTCA").   Second, the torts alleged in the Complaint are intentional torts for which the government has not waived its sovereign immunity.   Third, the Court lacks jurisdiction under the *Feres* doctrine, which bars governmental liability for claims which rise out of or are in the course of activity incident to military service.   Thus, Knight's tort claim should be dismissed under Fed. R. Civ. P. 12(b)(1).

## II.    FACTUAL BACKGROUND

Plaintiff Parker Knight is a resident of Portland who served in the United States Army from 2002-2007.   (Complaint at p. 1.)   Knight filed this action in Multnomah County Circuit Court but the case was removed by the Army to this Court pursuant to 28 U.S.C. § 1442(a)(1).   (ECF 1.)

Knight claims that during his entry-level Army training he was "molested, assaulted,

threatened, harassed, racially discriminated, and received numerous hazing" by his

non-commissioned officers ("NCOs") supervising his training. (Complaint at p. 1.) He further

claims that this abuse continued during a deployment to Iraq in 2004 where he was allegedly

choked, maimed, sexually harassed, and molested by NCOs and officers. (*Id.* at p. 2.) Knight

has alleged he had to undergo several surgeries due to this abuse, that he was medically chaptered

out of the Army as a result, and that he is rated by the VA as having a 100% service connected

disability. (*Id.* at p. 3.)

Knight states that he feels his rights under the Americans with Disabilities Act ("ADA")

have been violated due to discrimination based on disability, race and age. (*Id.*) He asserts

counts for relief for emotional distress, slander and fraud. (*Id.*) He seeks $500,000 in

compensatory damages and $500,000 in punitive damages. (*Id.* at p. 4.)

## III.    STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkenen v. Guardian Life Ins. Co. of

Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited

jurisdiction[], and the burden of establishing the contrary rests upon the party asserting jurisdiction

[]." *Id.* (internal citations omitted). Federal Rule of Civil Procedure 12(b)(1) authorizes a party

to raise a defense of lack of subject matter defense by motion. "The defense of lack of subject

matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action

whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074,

1077 (9th Cir. 1983). In addressing a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations." *Id*.

(citations omitted).

A Rule 12(b)(1) motion can either challenge the sufficiency of the pleadings to establish federal jurisdiction or the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. *See Savage v. Glendale Union High School,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Where defendant challenges the actual existence of jurisdiction, plaintiff's allegations are not presumed to be truthful, and plaintiff has the burden of proving jurisdiction exists. *Id.* In addition, it is proper for the moving party to submit an affidavit in support of a motion to dismiss under Rule 12(b)(1). *See Savage*, 343 F.3d 1039-40 n2; *see also Ass'n of Am. Medical Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). In opposing the motion, plaintiff must present admissible evidence to satisfy this burden. *See id.* The court is presumed to lack subject matter jurisdiction until plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

**B.      Standard for Federal Rule of Civil Procedure 12(b)(6) Dismissal**

Rule 12(b)(6) governs dismissal for failure to state a claim on which relief can be granted. A court should grant a Rule 12(b)(6) motion where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must be construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Syminton*, 51 F.3d 1480, 1484 (9th Cir. 1995). The Court, however, need not accept as true conclusory allegations, legal characterizations or unreasonable inferences. *Taylor v. FDIC*, 132 F.3d 762 (D.C. Cir. 1997). Nor does the Court need assume that the plaintiff can prove facts different from those alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus,

the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the

elements of a cause of action." *Id*. at 555. This "facial plausibility" standard requires the plaintiff to

allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "Nor does a complaint suffice if it tenders naked

assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S at 678 (internal quotations

omitted).

## IV.     ARGUMENT

### A.     Knight Has Failed to State an Employment Discrimination Claim for Relief.

Knight asserts that he has experienced discrimination based on disability, race and age, but

the Complaint does not include any facts that would support a claim for relief under any law which

provides a right of action for forms of employment discrimination, such as the Rehabilitation Act

of 1973, 29 U.S.C. § 791, *et seq.*, Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e, *et

seq.*, or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* For

example, the Complaint does not specify what acts of discrimination the Army allegedly

committed. *See Mathon v. Feldstein*, 303 F. Supp. 2d 317, 325 (E.D.N.Y. 2004) (dismissing

discrimination claim on the ground that a "complaint that contains only vague and conclusory

claims with no specific facts supporting the allegations may not give the defendant fair notice")

(internal quotations omitted). Nor does it include basic elements of age and disability claims,

such as allegations that establish the plaintiff is a person who qualifies for protection under the

relevant law. *See Hale v. King*, 642 F.3d 492, 501 (5th Cir. 2011) ("Absent allegations that

[plaintiff]'s ailments substantially limited him in the performance of a major life activity,

[plaintiff] has failed to state a claim for relief under subsection A of the ADA's definition of

disability."); *Putkowski v. Warwick Central School Dist.*, 363 F. Supp. 2d 649, 654-55 (S.D.N.Y. 2005) (holding that a plaintiff who pleads only that he "suffered a disability" fails to state a claim under the Rehabilitation Act of 1973 on which relief may be granted); *Torres v. Dept. of Veterans Affairs*, No. 02 Civ.9601(HBP), 2004 WL 691237, *6 (S.D.N.Y. March 31, 2004) (holding that plaintiff who fails to allege that she was at least 40 years of age fails to state a claim for relief under the ADEA);

In fact, the three "counts" Knight asserts are not discrimination claims, rather they are common law tort claims for slander, fraud, and emotional distress. Moreover, the gravamen of his complaint sounds in tort, with the alleged wrongdoing consisting primarily of intentional assaults by fellow Army service members.

Thus, Knight's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to plead facts that would give rise to an employment discrimination claim, much less demonstrate a plausible entitlement to relief. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1131 (9th Cir. 2008) (holding that Plaintiffs' general allegations that they were discriminated against with regard to "terms of employment" did not provide "fair notice" of a compensation discrimination claim); *see also Dejesus v. HF Mgmt. Services, LLC*, --- F.3d ----, 2013 WL 3970049 (2nd Cir. August 5, 2013) (holding that complaint which "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation . . . [was] inadequate and properly dismissed" under Fed. R. Civ. P. 12(b)(6)).

Knight's pleading failure is also important due to the requirement that complaints of discrimination be brought to the attention of an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the

effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Absent waiver, estoppel, or equitable tolling, failure to comply with [the 45 day] regulation is fatal to a federal employee's discrimination claim." *Kraus v. Presidio Trust Facilities Div.*, 572 F.3d 1039, 1043 (9th Cir. 2009) (internal quotations and citations omitted). The complaint should be dismissed because it fails to include any allegations that would demonstrate that Knight complied with this requirement. *See Torres*, 2004 WL 691237, at *4-5 (dismissing complaint because plaintiff failed to allege that she sought EEO counseling within 45 days of the allegedly discriminatory act or make any argument in support of a waiver, estoppel or an equitable toll).

Finally, if Knight's purported employment claims are about applications for employment with federal agencies after his military service, then those claims should be directed at the federal agencies to which he has applied for employment, not the Army. In fact, Knight has filed a number of cases recently in this court and state court in which he appears to raise such claims. *See Knight v. Bonneville Power Admin., et al.*, Case No. 3:13-cv-1159-BR, *Knight v. USA JOBS, et al.*, Case No. 3:13-cv-1160-BR; *Knight v. Federal Bureau of Investigation*, Case No. 3:13-cv-1212-BR (removed from state court); *Knight v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, Case No. 3:13-cv-1346-BR (removed from state court); *Knight v. U.S. Food and Drug Administration*, Case No. 3:13-cv-1347-BR (removed from state court); *Knight v. U.S. Department of Veterans Affairs*, Case No. 3:13-cv-1349-BR (removed from state court); *Knight v. U.S. Department of Veterans Affairs*, Case No. 3:13-cv-1350-BR (removed from state court).

**B.      The Court Lacks Subject Matter Jurisdiction Over the Tort Claims Plaintiff Alleges.**

**1.      Plaintiff has failed to exhaust his administrative remedies.**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, is the exclusive remedy for monetary damages from the government for "personal injury or death arising or

resulting from the negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment." 28 U.S.C. § 2679. A plaintiff may not

bring an action against the United States under the FTCA "unless the claimant shall have first

presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). Only when the

claim has been "finally denied by the agency in writing" or when there has been a "failure . . . to

make final disposition of a claim within six months after it is filed" may a plaintiff institute an

action in federal court. *Id.* This administrative claim prerequisite is "jurisdictional in nature and

may not be waived." *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977); *see also*

*Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). "The burden is on the plaintiff to

both plead and prove compliance with the statutory requirements." *In re "Agent Orange"*

*Product Liability Litig.,* 818 F.2d 210, 214 (2nd Cir. 1987); *see also Grantham v. Durant*, 471 F.

Supp. 2d 1069, 1076 (D. Nev. 2006).

Knight has not pled that he filed an administrative tort claim with the Army, and Army

records do not indicate one was filed. (Declaration of Lorenzo Ferguson) Thus, the Court lacks

jurisdiction over Knight's claims.

2. **The United States has not waived sovereign immunity for the intentional torts**

   **alleged by Plaintiff.**

The FTCA's waiver of sovereign immunity has numerous exceptions, including an

exception for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest,

malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference

with contract rights." 28 U.S.C. § 2680(h). The slander and fraud claims asserted in Knight's

complaint fall within this "intentional tort" exception to the FTCA's waiver of sovereign

immunity. Furthermore, the allegations in support of the emotional distress claim focus on

alleged assaults, another tort for which the government has also not waived its sovereign

immunity.

Thus, the complaint should be dismissed because the government has retained its sovereign

immunity from liability for the claims asserted. *Broudy v. United States*, 661 F.2d 125, 127 (9th

Cir. 1981) ("[I]f a claim falls within any exception the court is without jurisdiction to hear the

case."); *see also Kashin v. Kent*, 457 F.3d 1033, 1037 (9th Cir. 2006) ("[B]ecause the United States

retains its sovereign immunity, the action will be dismissed."); *Owyhee Grazing Ass'n., Inc. v.

Field*, 637 F.2d 694, 697 (9th Cir. 1981) ("[C]laims against the United States for fraud or

misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h).").

### 3.  Plaintiff's claim is barred by the *Feres* doctrine.

Knight's complaint appears to solely allege intentional torts for which the government has

not waived sovereign immunity.  Nonetheless, due to the applicability of the *Feres* doctrine, the

Court would still lack jurisdiction even if Knight had alleged negligence.  "[I]n Feres *v. United

States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that the United

States is not liable for injuries that 'arise out of or are in the course of activity incident to service'

because the United States did not intend to waive its immunity to such claims." *McConnell v.

United States*, 478 F.3d 1092, 1095 (9th Cir. 2007).  "This broad exception has been labeled 'the

*Feres* doctrine." *Id.* (internal quotations omitted).

"[T]he most persuasive justification for the *Feres* doctrine is the potential impact of civil

suits on military discipline." *Johnson v. United States*, 704 F.2d 1431, 1436 (9th Cir. 1983).

"In determining whether a service member's injury is 'incident to service' and therefore, barred

under the *Feres* doctrine, [the courts] have employed a case-by-case approach, addressing four

factors:

(1) the place where the negligent act occurred, (2) the duty status of the plaintiff when the negligent act occurred, (3) the benefits accruing to the plaintiff because of the plaintiff's status as a service member, and (4) the nature of the plaintiff's activities at the time the negligent act occurred."

*McConnell*, 478 F.3d at 1095.   None of the factors is dispositive, as a totality of the circumstances analysis is utilized.   *Id.*   "The fundamental goal of the *Feres* doctrine is to safeguard the military disciplinary structure from disruptive civil suits."   *Johnson*, 704 F.2d at 1039.

The *Feres* doctrine applies to FTCA actions based on alleged sexual assaults of service members.   *See Dexheimer v. United States*, 608 F.2d 765, 767 (9th Cir. 1979); *Smith v. United States*, 196 F.3d 774, 778 (7th Cir. 1999); *Gonzalez v. U. S. Air Force*, 2004 WL 339596 (10th Cir. Feb. 24, 2004); *Corey v. United States*, 1997 WL 474521 (10th Cir. Aug. 20, 1997); s*ee also Cioca v. Rumsfeld*, --- F.3d ----, 2013 WL 3802932 (4th Cir. July 23, 2013) (using rationale of *Feres* doctrine to hold that there was no *Bivens* remedy for service members who alleged that acts and omissions of former defense secretaries in their official capacities contributed to a military culture of tolerance for the sexual crimes perpetrated against them).   Thus, the Court also lacks jurisdiction over Knight's claims due to the *Feres* doctrine.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint with prejudice.

Dated this 14th day of August, 2013.

Respectfully Submitted,

S. AMANDA MARSHALL
United States Attorney
District of Oregon

 */s/ James E. Cox, Jr.*
JAMES E. COX, JR.
Assistant United States Attorney
Attorneys for Defendant the United States

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing: **Memorandum in Support of Defendant's Motion to Dismiss,** was placed in a postage prepaid envelope and deposited in the United States Mail according to established office procedure in the Office of the United States Attorney at Portland, Oregon, on August 14, 2013, addressed to:

Parker Michael Knight
45 SE 196th Ave.
Portland, Oregon 97233

     */s/ James E. Cox, Jr.*     
JAMES E. COX, JR.