IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARKER MICHAEL KNIGHT,                          3:13-CV-01211-BR

       Plaintiff,

                                OPINION AND ORDER

v.

DEPARTMENT OF THE ARMY,

       Defendant.


PARKER MICHAEL KNIGHT
45 S.E. 196th Avenue
Portland, OR 97233
(971) 400-4609

       Plaintiff, *Pro Se*

S. AMANDA MARSHALL
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#7) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.

<u>BACKGROUND</u>

On July 1, 2013, Plaintiff filed a *pro se* complaint in Multnomah County Circuit Court in which he alleges he served in the United States Army from January 31, 2002, through September 18, 2007, under the name Hyunseok Michael Oh.  Compl. at ¶ II.  Plaintiff alleges he was "molested, assaulted, threatened, harassed, racially discriminated, and received numerous hazing during basic combat training," during deployment, and while on "special duty."  Compl. at ¶ II.  Plaintiff alleges he "feel[s] [an] American Disability Act . . . violation has occurred based on [his] disability, race, and age."  *Id.* Plaintiff also alleges the following in Counts I through III:

> Defendant and or his agents willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiff.

> \* \* \*

> Defendant and or his agents have intentional[ly], maliciously, and without just cause, slandered the Plaintiff's names, business and reputation[] in the community by making knowingly false, malicious and intentional statements about the Plaintiff, Plaintiff's family, and the Plaintiff's business.

* * *

    Defendant and or [its] agents have intentionally,
    maliciously and without just cause, engaged in
    deceitful business practices and malicious and
    intentional fraud that were calculated to harm the
    Plaintiff[] and [his] business.

Compl. at ¶¶ III-V.  Plaintiff seeks damages.

On July 18, 2013, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1) because the Department of the Army is an agency of the United States government.

On August 14, 2013, Defendant filed a Motion to Dismiss on the grounds of lack of subject-matter jurisdiction and failure to state a claim.  The Court took Defendant's Motion under advisement on September 3, 2013.


## STANDARDS

### I.   Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1)

Plaintiff has the burden to establish that the court has subject-matter jurisdiction.  *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009).  *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations.  *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013).  The court may permit

discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

## II. Dismissal for failure to state a claim pursuant to Rule 12(b)(6)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally

consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted).  "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id*. (quotation omitted).  "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (quotation omitted).

## DISCUSSION

### I.  Dismissal for lack of subject-matter jurisdiction

The government moves to dismiss Plaintiff's claims for slander, Intentional Infliction of Emotional Distress (IIED), and fraud on the ground that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he exhausted his administrative remedies and the Federal Tort Claims Act does not waive sovereign immunity for intentional torts.

#### A.  Exhaustion

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, provides the exclusive remedy for monetary damages from the federal government for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  In addition, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing

6 - OPINION AND ORDER

to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The claim-presentation requirement is "'jurisdictional in nature and may not be waived.'"  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006).

Plaintiff does not allege in his Complaint that he filed an administrative tort claim with the Army or that the Army denied an administrative tort claim in writing.  In addition, Lorenzo Ferguson, Chief, Operations and Records Branch, United States Army Claims Service, testifies in his Declaration that he searched the records available to the Army and did not find any administrative claim filed by Parker Michael Knight under the FTCA.

Plaintiff, however, points out in his Response that during the time of his service with the Army he did not use the name Parker Michael Knight but instead he used the name Hyunseok Michael Oh.  Plaintiff also alleges in his Response that he "exhausted all manners of such that could resolve his claims benefiting [*sic*] him of compensation."  Resp. at 19.

Under the liberal pleading standards afforded to *pro se* litigants, Plaintiff may be able to plead exhaustion of his administrative remedies.  The Court, therefore, declines to grant the government's Motion to Dismiss Plaintiff's claims for

7 - OPINION AND ORDER

slander, IIED, and fraud on the basis of failure to exhaust.

   **B.    Sovereign immunity**

        The government contends even if Plaintiff exhausted his
administrative remedies, his claims for IIED, slander, and fraud
are barred by the doctrine of sovereign immunity.

        Under the Eleventh Amendment the sovereign is immune to
claims against it by its citizens.  U.S. Const. amend XI.  *See
also Tennessee v. Lane*, 541 U.S. 509, 517 (2004).  Congress,
however, may abrogate a state's sovereign immunity under certain
circumstances or, as with other constitutional rights, a state
may voluntarily waive its right to immunity.  *See Lane v. Pena*,
518 U.S. 187, 192-98 (1996).  *See also Quantum Prod. Serv., LLC
v. Austin*, 448 F. App'x 755, 756 (9th Cir. 2011)("Absent a
waiver, sovereign immunity shields the Federal Government and its
agencies from suit.").

        The test for waiver of sovereign immunity is a
"stringent one."  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary
Educ. Expense Bd.*, 527 U.S. 666, 675-78 (1999)(quotation
omitted).  Sovereign immunity may not be impliedly or
constructively waived, and courts must "indulge every reasonable
presumption against waiver."  *Id*. at 678-82 (waivers of sovereign
immunity must be "unmistakably clear").  Any ambiguity in the
waiver of sovereign immunity must be construed in favor of
immunity.  *United States v. Nordic Village, Inc*., 503 U.S. 30, 34

8 - OPINION AND ORDER

(1992).

Although Congress specifically waived the United States' sovereign immunity for certain claims in the FTCA, § 2680(h) of the FTCA exempts "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" from the waiver of sovereign immunity. Congress, therefore, has not waived sovereign immunity as to claims for slander and fraud like those brought by Plaintiff against the United States Army. In addition, Plaintiff's claim for IIED arises from alleged assaults, a claim for which Congress has also not waived sovereign immunity for the United States Army.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claims for IIED, slander, and fraud without leave to amend because those claims are barred by the doctrine of sovereign immunity.

**II.  Dismissal for failure to state a claim**

As noted, Plaintiff also alleges Defendant violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, *et seq.*, "based on [Plaintiff's] disability, race, and age." Defendant moves to dismiss any employment-discrimination claim alleged by Plaintiff on the ground that Plaintiff fails to state a claim for violation of any employment-discrimination statute.

9 - OPINION AND ORDER

## A.    Plaintiff's ADA claim

Title I of the ADA ensures fair opportunities in the workplace for qualified individuals with disabilities by prohibiting discrimination against those individuals and by requiring employers to reasonably accommodate their disabilities. 42 U.S.C. § 12112.  *See also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477-78 (1999).  The ADA provides in pertinent part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).  To state a *prima facie* case of discrimination under the ADA, a plaintiff must alleges he is a qualified individual with a disability and that his employer discriminated against him because of his disability.  *Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996).

An individual is disabled within the meaning of the ADA if he has "a physical or mental impairment that substantially limits one or more of [his] major life activities" or if his employer regards him "as having such an impairment."  42 U.S.C. § 12102(2)(A), (C).  The Supreme Court held the term disability should be strictly interpreted "to create a demanding standard for qualifying as disabled" and that "to be substantially limited in performing manual tasks, an individual must have an impairment

10 - OPINION AND ORDER

that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg. Ky. Inc. v. Williams*, 534 U.S. 184, 197-98 (2002).  The term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A).

"As with discrimination cases generally, a plaintiff in an ADA case at all times bears the ultimate burden of establishing . . . he has been the victim of illegal discrimination based on his disability." *Gomez v. Am. Bldg. Maint.*, 940 F. Supp. 255, 257 (N.D. Cal. 1996)(citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)).

In his Complaint Plaintiff does not allege he suffers from a physical or mental impairment that substantially limits one or more of [his] major life activities nor does he identify his alleged impairments.  In his Response Plaintiff alleges he suffers from approximately twenty-two medical conditions ranging from PTSD to "insect bite scars."  Resp. at 11-12.  Plaintiff, however, does not allege which, if any, of these conditions substantially limits his major life activities.

In addition, Plaintiff does not allege Defendant

11 - OPINION AND ORDER

discriminated against him because of a disability.  Plaintiff
also fails to identify in his Complaint any specific acts of
discrimination Defendant engaged in because of Plaintiff's
disability.  Accordingly, the Court grants Defendant's Motion to
Dismiss Plaintiff's ADA claim for failure to state a claim.

**B.    Plaintiff's claim for age discrimination**

Plaintiff appears to intend to allege a claim for
discrimination based on age even though Plaintiff's Complaint
does not contain any allegations related to Plaintiff's age or
Defendant's actions related to Plaintiff's age.

To state a claim for age discrimination in violation of
the Age Discrimination in Employment Act (ADEA), 29 U.S.C.
§ 621, a plaintiff

> must demonstrate that [he] is (1) at least forty
> years old, (2) performed [his] job satisfactorily,
> (3) was discharged, and (4) either replaced by a
> substantially younger employee with equal or
> inferior qualifications or discharged under
> circumstances otherwise "giving rise to an
> inference of age discrimination." *Diaz v. Eagle
> Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir.
> 2008)(quoting *Coleman v. Quaker Oats Co.*, 232 F.3d
> 1271, 1281 (9th Cir. 2000)).

*Swan v. Bank of Am.*, No. 08-16889, 2009 WL 5184129, at *1 (9th
Cir. Dec. 30, 2009).  Plaintiff fails to allege in his Complaint
that he was terminated, that he was at least forty years old at
the time of his termination, that he was replaced by a
substantially younger employee, or any other circumstances that
might give rise to an inference of discrimination based on his

12 - OPINION AND ORDER

age.  Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim of age discrimination.

## C.   Plaintiff's claim for race discrimination

To the extent that Plaintiff intends to allege a claim for race discrimination even though his Complaint does not contain any allegations related to Plaintiff's race or Defendant's actions related to Plaintiff's race, Plaintiff's Complaint fails to state a claim.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1).  "A person suffers disparate treatment in his employment 'when he . . . is singled out and treated less favorably than others similarly situated on account of race.'"  *Cornwell v. Electra Cent. Cred. Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)(quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004)).

To establish a *prima facie* case under Title VII, a plaintiff must establish (1) he belongs to a class of persons protected by Title VII, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated him differently than similarly situated employees who do not belong to the same protected class as the plaintiff.  *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411

13 - OPINION AND ORDER

U.S. 792, 802 (1973)).

Plaintiff does not allege in his Complaint that he belongs to a protected class, that he performed his job satisfactorily, or that he was treated differently from similarly situated employees who are not in Plaintiff's protected class. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for race discrimination.

**D.    Leave to amend**

As noted, the Ninth Circuit has made clear that when a *pro se* plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez*, 334 F.3d at 861 (quoting *Lopez,* 203 F.3d at 1130).  Because Plaintiff may be able to cure the deficiencies in his claims for disability, age, and/or race discrimination, the Court dismisses these claims without prejudice and with leave for Plaintiff to file an Amended Complaint to cure the deficiencies set out in this Opinion.

The Court cautions Plaintiff, however, that federal regulations require individuals employed by agencies of the federal government "who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information" to "initiate contact with [an Equal Employment Opportunity] Counselor within 45 days of the date of the matter alleged to be discriminatory

14 - OPINION AND ORDER

or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The Ninth Circuit has interpreted this provision to include reporting to not only individuals with the specific job title of Counselor, but also "contact with agency officials with EEO counseling responsibilities or a connection to the counseling process." *Kraus v. Presidio Trust Facilities Div.*, 572 F.3d 1039, 1044 (9th Cir. 2009). Nevertheless, "[a]bsent waiver, estoppel, or equitable tolling, failure to comply with the [45-day regulation] is fatal to a federal employee's discrimination claim." *Id.* at 1043 (citations omitted). Accordingly, if Plaintiff elects to file an Amended Complaint that includes claims for discrimination because of disability, age, or race, Plaintiff must also allege, if possible, that he initiated "contact with agency officials with EEO counseling responsibilities or a connection to the counseling process" within 45 days of the alleged discriminatory acts. Failure to allege contact with appropriate Army officials will result in dismissal of any claim for discrimination.

        Finally, the Court also cautions Plaintiff that to the extent his discrimination in employment claims relate to applications for employment with federal agencies other than Defendant, Plaintiff must direct those claims to the federal agencies to which Plaintiff applied rather than Defendant. The Court will dismiss any claims by Plaintiff in this action related

15 - OPINION AND ORDER

to the alleged discriminatory conduct of federal agencies other than Defendant.

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss; **DISMISSES** Plaintiff's claims for IIED, slander, and fraud **with prejudice**; and **DISMISSES** Plaintiff's claim(s) for disability, age, and/or race discrimination **without prejudice.**

Plaintiff may file an amended complaint to cure the deficiencies noted above as to Plaintiff's claim(s) for disability, age, and/or race discrimination **no later than November 13, 2013.** The Court advises Plaintiff that failure to file an amended complaint and to cure the deficiencies set out in this Opinion and Order by November 13, 2013, shall result in the dismissal of this matter with prejudice.

IT IS SO ORDERED.

DATED this 22nd day of October, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge