**S. AMANDA MARSHALL, OSB # 953473**
United States Attorney
District of Oregon
**JAMES E. COX, JR., OSB # 085653**
jim.cox@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone:    (503) 727-1026
Facsimile      (503) 727-1117
Attorneys for Defendant the Department of the Army

THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **PARKER MICHAEL KNIGHT**, | Case No.: 3:13-cv-1211-BR |
| Plaintiff | |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT** |
| **DEPARTMENT OF THE ARMY**, | |
| Defendant. | |

Defendant, the Department of the Army, by S. Amanda Marshall, United States Attorney for the District of Oregon, and James E. Cox, Jr., Assistant United States Attorney for the District of Oregon, submits this memorandum in support of Defendant's motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

**Page 1**   Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint
*Knight v. Department of the Army*, Case No. 3:13-cv-1211-BR

## I. INTRODUCTION

Plaintiff Parker Michael Knight ("Plaintiff" or "Knight") is a former Army service member who alleges in his Amended Complaint that he was harassed and assaulted by other soldiers at military bases in the United States and in Iraq from 2002-2007. The Amended Complaint was filed pursuant to an order by the Court granting Plaintiff leave to amend his initial Complaint "because Plaintiff may be able to cure the deficiencies in his claims for disability, age, and/or race discrimination." (ECF 15 at p. 14.)

Plaintiff has failed to cure the deficiencies in his initial Complaint, and this action should be dismissed with prejudice. The anti-discrimination laws that apply to employment in the federal sector do not apply to the uniformed members of the armed forces. Thus, the Amended Complaint fails to state a claim upon which relief can be granted. Moreover, the Court also lacks jurisdiction because the government has not waived sovereign immunity for the claims asserted in the Amended Complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Parker Knight is a resident of Portland who served in the United States Army from 2002-2007. (ECF 1, Complaint at p. 1.) Knight filed this action in Multnomah County Circuit Court but the case was removed by the Army to this Court pursuant to 28 U.S.C. § 1442(a)(1). (ECF 1.)

In his initial complaint, Knight claimed that during his military service he was "molested, assaulted, threatened, harassed, racially discriminated, and received numerous hazing" while he was on active duty in the Army. (Complaint at p. 1.) Knight alleged that his rights under the Americans with Disabilities Act ("ADA") had been violated due to discrimination based on

**Page 2      Memorandum in Support of Defendant's Motion to Dismiss the Amended
              Complaint**
*Knight v. Department of the Army*, Case No. 3:13-cv-1211-BR

disability, race and age.  (*Id.*)  He asserted counts for relief for emotional distress, slander and fraud and sought $500,000 in compensatory damages and $500,000 in punitive damages.  (*Id.* at p. 4.)

The Department of the Army moved to dismiss Plaintiff's tort claims on the ground that (1) Plaintiff had failed to file an administrative tort claim as required under the Federal Tort Claims Act ("FTCA"), (2) the claims were barred by the *Feres* doctrine, and (3) the claims were for intentional torts for which the FTCA does not waive the government's sovereign immunity. (ECF 8.)  The Army also moved to dismiss the employment discrimination claims on the ground that Plaintiff had not stated a claim for relief under any federal anti-discrimination statute.

The Court granted the Army's motion to dismiss Plaintiff's tort claims with prejudice because the government has not waived sovereign immunity for the intentional torts alleged in the Complaint.  (ECF 15 at 9.)  The Court also dismissed Plaintiff's putative employment discrimination claims because the allegations failed to state a claim for relief, but granted Plaintiff leave to amend the complaint.  (ECF 15 at pp. 14-16.)

Plaintiff subsequently filed an "Amendment to Cure Deficiencies" (hereinafter "Amended Complaint").  The vast majority of the allegations in Plaintiff's Amended Complaint are about harassment and assaults by other service members and about the response to such incidents by Plaintiff's uniformed chain of command.  (ECF 17 at pp. 2-31.)  The allegations include complaints about day to day assignments of Plaintiff in his military unit at military bases in the United States and in Iraq.  (ECF 17 at pp. 14-16.)  The Amended Complaint did not include any allegations that Plaintiff was employed by the Army as a civilian or that he sought civilian employment with the Army.  The only events alleged that post-date Plaintiff's military service

**Page 3    Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint**
*Knight v. Department of the Army*, Case No. 3:13-cv-1211-BR

relate to Plaintiff's efforts to change his disability rating with the Department of Defense and Department of Veterans Affairs. (ECF 17 at pp. 29-40.)

### III. STANDARD OF REVIEW

**A. Standard for Rule 12(b)(1) Dismissal**

"Federal courts are courts of limited jurisdiction." *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction[], and the burden of establishing the contrary rests upon the party asserting jurisdiction []." *Id.* (internal citations omitted). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to raise a defense of lack of subject matter defense by motion. "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

A Rule 12(b)(1) motion "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *See Savage v. Glendale Union High School,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

**B. Standard for Federal Rule of Civil Procedure 12(b)(6) Dismissal**

Federal Rule of Civil Procedure 12(b)(6) governs dismissal for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain

Page 4  Memorandum in Support of Defendant's Motion to Dismiss the Amended
         Complaint
         *Knight v. Department of the Army*, Case No. 3:13-cv-1211-BR

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id. (citing Twombly, 550 U.S.* at 557).

## IV.     ARGUMENT

In his Amended Complaint, Plaintiff appears to seek relief on the ground that he was harassed and assaulted by other soldiers when he was on active duty in the United States Army from 2002-2007. (ECF 17 at pp. 2-29.) The Amended Complaint does not allege that Plaintiff was employed by the Army as a civilian or that he sought civilian employment with the Army.

The anti-discrimination laws that apply to employment in the federal sector (Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*) do not apply to the uniformed members of the armed forces. *See Gonzalez v. Department of Army*, 718 F.2d 926, 928 (9th Cir. 1983) ("We conclude, therefore, that the term 'military departments' in section 717(a) of Title VII, when read in the context of the statutory definitions to which it refers, can be fairly understood to include only civilian employees of the Army, Navy, and Air Force and not both civilian employees and enlisted personnel as appellant argues."); *see also Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990) ("[I]t would be incongruous to allow

uniformed military personnel to bring discrimination claims against the military based on handicap, when statutory claims based on sex, race, religion, or national origin are barred."), *cert. denied* 499 U.S. 904 (1991); *Chen-Li Sung v. Gallagher*, Civil No. 11–00103 JMS/KSC, 2011 WL 2610136, *9 (D. Haw. June 30, 2011) ("[N]either the ADA nor the Rehabilitation Act applies to [Plaintiff] as a uniformed member of the armed forces.").

The *Feres* doctrine provides additional support for the conclusion that Plaintiff does not have standing to sue under anti-discrimination laws. "[I]n Feres *v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that the United States is not liable for injuries that 'arise out of or are in the course of activity incident to service' because the United States did not intend to waive its immunity to such claims." *McConnell v. United States*, 478 F.3d 1092, 1095 (9th Cir. 2007). "Although the doctrine of intramilitary immunity is generally applied in connection with the FTCA, its applicability is not limited to FTCA cases." *Hodge v. Dalton*, 107 F.3d 705, 710 (9th Cir. 1997). "The doctrine is instead applicable whenever a legal action 'would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States.'" *Id.* (quoting *McGowan v. Scoggins,* 890 F.2d 128, 132 (9th Cir. 1989)). Plaintiff's claims would clearly require examination of such decisions, as Plaintiff challenges decisions made by his unit-level uniformed chain of command in a variety of scenarios, including during Plaintiff's deployment to Iraq.

Thus, because Plaintiff does not have standing to bring a suit under the anti-discrimination laws that apply to employment in the federal sector, the Amended Complaint should be dismissed for failure to state a claim for relief. Furthermore, the Court also lacks jurisdiction over Plaintiff's

putative claims because the government has not waived its sovereign immunity. *See Hodge*, 107 F.3d at 707 ("The United States is immune from suit unless it consents to waive its sovereign immunity. [] The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.") (internal citation omitted).

Finally, Plaintiff's request to the Department of Defense for modification of his disability rating does not provide the Court with jurisdiction over the claims in the Amended Complaint. (ECF 17 at p. 30; ECF 17-1 at 3.) The Department of Defense Physical Disability Board of Review ("PDBR") modified Plaintiff's disability rating but not to the degree that would justify changing his separation for disability with severance pay to a permanent retirement with disability. (ECF 17-1 at 3.) Plaintiff appears to cite this decision as an example of his effort to exhaust his administrative remedies regarding his putative discrimination claim. Nevertheless, even if Plaintiff is seeking review of the PDBR decision, this Court lacks jurisdiction over such a claim.

The Court of Federal Claims has "explicit statutory authority" under the Tucker Act, 28 U.S.C. § 1491(a)(2), to provide relief for complaints requesting "back pay, reinstatement, and correction of records." *Mitchell v. United States,* 930 F.2d 893, 895–96 (Fed. Cir. 1991) (holding that a service member's request for back pay fell within the jurisdiction of the Court of Federal Claims). The Court of Federal Claims and district courts do have concurrent jurisdiction under the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), over non-tort monetary claims against the United States not exceeding $10,000. However, Plaintiff is seeking monetary relief far in excess of that amount. (ECF 1 at p.4 (seeking $1 million in damages); ECF 17 at p. 45, "Plaintiff deserves compensation of what Plaintiff asked for in his original complaint to be paid to Plaintiff by Department of the Army and any additional compensation awarded by Jury of his peers . . . .".)

**Page 7**     **Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint**
                *Knight v. Department of the Army*, Case No. 3:13-cv-1211-BR

Furthermore, although district courts do have authority to review certain final agency actions under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, such jurisdiction is limited to claims for "relief other than money damages," 5 U.S.C. § 702, and "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Neither of these conditions is met in this case. *See Mitchell*, 930 F.2d at 897.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Dated this 13th day of November 2013.

> Respectfully Submitted,
>
> S. AMANDA MARSHALL
> United States Attorney
> District of Oregon
>
> */s/ James E. Cox, Jr.*
> JAMES E. COX, JR.
> Assistant United States Attorney
> Attorneys for Defendant Department of the Army

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint,** was placed in a postage prepaid envelope and deposited in the United States Mail according to established office procedure in the Office of the United States Attorney at Portland, Oregon, on November 13, 2013, addressed to:

>Parker Michael Knight
>45 SE 196th Ave.
>Portland, Oregon 97233

                 */s/ James E. Cox, Jr.*
                 JAMES E. COX, JR.