IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PARKER MICHAEL KNIGHT,**                 3:13-CV-01211-BR

       **Plaintiff,**                OPINION AND ORDER

v.

**DEPARTMENT OF THE ARMY,**

       **Defendant.**


**PARKER MICHAEL KNIGHT**
45 S.E. 196th Avenue
Portland, OR 97233
(971) 400-4609

       Plaintiff, *Pro Se*

**S. AMANDA MARSHALL**
United States Attorney
**JAMES E. COX , JR.**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

    This matter comes before the Court on Defendant's Motion (#18) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

    On July 1, 2013, Plaintiff filed a *pro se* complaint in Multnomah County Circuit Court in which he alleges he served in the United States Army from January 31, 2002, through September 18, 2007, under the name Hyunseok Michael Oh.  Plaintiff alleges he was "molested, assaulted, threatened, harassed, racially discriminated, and received numerous hazing during basic combat training" during deployment and while on "special duty."  Compl. at ¶ II.  Plaintiff alleges he "feel[s] [an] American Disability Act . . . violation has occurred based on [his] disability, race, and age."  *Id.*  Plaintiff also alleges the following in Counts I through III:

> Defendant and or his agents willfully, maliciously
> and intentionally inflicted emotional distress
> upon the Plaintiff.

                                \* \* \*

> Defendant and or his agents have intentional[ly],
> maliciously, and without just cause, slandered the
> Plaintiff's names, business and reputation[] in
> the community by making knowingly false, malicious
> and intentional statements about the Plaintiff,
> Plaintiff's family, and the Plaintiff's business.

2 - OPINION AND ORDER

> * * *
> Defendant and or [its] agents have intentionally, maliciously and without just cause, engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm the Plaintiff[] and [his] business.

Compl. at ¶¶ III-V.  Plaintiff seeks damages.

On July 18, 2013, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1) because the Department of the Army is an agency of the United States government.

On August 14, 2013, Defendant filed a Motion to Dismiss on the grounds that this Court lacks subject-matter jurisdiction and Plaintiff has failed to state a claim against Defendant.

On October 22, 2013, the Court issued an Opinion and Order (#15) in which it dismissed Plaintiff's claims for IIED, slander, and fraud with prejudice and dismissed Plaintiff's claims for disability, age, and/or race discrimination without prejudice. The Court granted Plaintiff leave to file an Amended Complaint no later than November 13, 2013, to cure the deficiencies in his claims for disability, age, and/or race discrimination.

On October 29, 2013, Plaintiff filed an Amendment to Cure Deficiencies (#17) that the Court construed as an Amended Complaint.

On November 13, 2013, Defendant filed a Motion to Dismiss the Amended Complaint.  On November 14, 2013, the Court issued an Order in which it advised Plaintiff that his response to Defendant's Motion must be filed no later than December 2, 2013.

3 - OPINION AND ORDER

Plaintiff did not file a response to Defendant's Motion and the Court took this matter under advisement on December 2, 2013.

## STANDARDS

### I. Dismissal for Lack of Jurisdiction Pursuant to Rule 12(b)(1)

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

4 - OPINION AND ORDER

**II. Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

5 - OPINION AND ORDER

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted).  "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Id.* (quotation omitted).  "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Id.* (quotation omitted).

## DISCUSSION

In his 47-page Amended Complaint Plaintiff does not set out a claim against Defendant for violation of a law or statute with particularity.  Instead Plaintiff sets out numerous facts related to alleged assaults and harassment by other service members and the response to those incidents by officers during Plaintiff's military service (2002-2007); Plaintiff's complaints related to his day-to-day assignments in his military unit at various Army bases; and Plaintiff's efforts to change his disability rating

6 - OPINION AND ORDER

with the Department of Defense (DOD) and Department of Veterans Affairs (VA).  The only suggestion of a specific claim in Plaintiff's Amended Complaint is the following statement:

> Plaintiff is not trying to prove that sexual assault occurred in military in the army career.
>
> Plaintiff is trying to through lawsuit exacting monetary compensation from department of the army which it did not give Plaintiff upon appeals and final Review Board decision not to give, which became Department of the Army's decision not to give Plaintiff an additional compensation nor medical retirement.

Am. Compl. at 41.

Defendant moves to dismiss Plaintiff's claims on the grounds that (1) Title VII, 42 U.S.C. § 2000e-2(a)(1); the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621; and the Rehabilitation Act, 29 U.S.C. § 791, do not apply to uniformed members of the armed services and (2) this Court does not have jurisdiction to review or to modify Plaintiff's disability rating as assessed by the DOD.

**I.   Plaintiff's Discrimination Claims**

It is difficult to discern from his Amended Complaint the extent to which Plaintiff alleges claims for race, age, or disability discrimination during his period of service in the Army.  In any event, "every court of appeals considering the issue has held that the *Feres* doctrine bars uniformed military personnel from bringing discrimination claims under Title VII and other discrimination statutes."  *Willis v. Roche*, 256 F. App'x

7 - OPINION AND ORDER

534, 536 (3d Cir. 2007)(citing *Stinson v. Hornsby*, 821 F.2d 1537, 1541 (11th Cir. 1987); *Roper v. Dep't of the Army*, 832 F.2d 247, 248 (2d Cir. 1987); *Gonzalez v. Dep't of the Army*, 718 F.2d 926, 929-30 (9th Cir. 1983); *Johnson v. Alexander*, 572 F.2d 1219, 1222-23 (8th Cir. 1978); *Doe v. Garrett*, 903 F.2d 1455, 1461-62 (11th Cir. 1990); *Baldwin v. United States Army*, 223 F.3d 100, 101 (2d Cir. 2000)).  "[I]f Congress had intended for [Title VII] to apply to the uniformed personnel of the various armed services, it would have said so in unmistakable terms." *Zuress v. Donley*, 606 F.3d 1249, 1253 (9th Cir. 2010)(quotation omitted).

Plaintiff does not allege he was employed as a civilian employee of the miliary at any time, and, as noted, Plaintiff may not bring claims for race, age, or disability discrimination related to his uniformed military personnel service.  The Court, therefore, grants Defendant's Motion to Dismiss Plaintiff's claims against Defendant for race, age, and disability discrimination.

**II. Plaintiff's Disability Rating Assessed by the DOD**

As noted, Plaintiff states in his Amended Complaint that he is

> trying to . . . exact[] monetary compensation from department of the army which it did not give Plaintiff upon appeals and final Review Board decision not to give, which became Department of the Army's decision not to give Plaintiff an additional compensation nor medical retirement.

8 - OPINION AND ORDER

Am. Compl. at 41.  Plaintiff alleges in his Amended Complaint that the DOD Physical Disability Board of Review (PDBR) modified Plaintiff's disability rating to "separation from the Army for disability with severance pay," but did not modify it to a degree that was sufficient to change his rating to "permanent retirement with disability."  Am. Compl. at 3.  Plaintiff appears to seek compensation of one million dollars from Defendant for its decision as to Plaintiff's disability rating.

Defendant points out that the Court of Federal Claims has "explicit statutory authority" under the Tucker Act, 28 U.S.C. § 1491(a)(2), to provide relief for complaints requesting "back pay, reinstatement, and correction of records."  *Mitchell v. United States*, 930 F.2d 893, 895-96 (Fed. Cir. 1991)(holding that a service member's request for back pay fell within the jurisdiction of the Court of Federal Claims).  *See also Remmie v. United States*, 98 Fed. Cl. 383, 388 (Fed. Cl. 2011)("[T]he Court of Federal Claims has jurisdiction over military pay cases where the plaintiff seeks back pay for alleged unlawful discharge from military service.  In addition to back pay and other allowances, the court may grant relief incidental and collateral to judgment granted for monetary relief, such as changes in military or retirement status and corrections of military records.")(quotation omitted)).

Although the Court of Federal Claims and district courts

9 - OPINION AND ORDER

have concurrent jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), over non-tort monetary claims against the United States that do not exceed $10,000, Plaintiff seeks more than $10,000 in damages.  Accordingly, the Court of Federal Claims has exclusive jurisdiction over Plaintiff's claim related to his disability rating.

The Court, therefore, grants Defendant's Motion to Dismiss Plaintiff's claim related to the PDBR's assessment of Plaintiff's disability rating.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#18) to Dismiss; **DISMISSES** Plaintiff's claims for disability, age, and/or race discrimination **with prejudice;** and **DISMISSES** Plaintiff's claim related to the PDBR's assessment of Plaintiff's disability rating **without prejudice**.

IT IS SO ORDERED.

DATED this 22nd day of January, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge